FILED
U.S. DISTRICT COURT
.... DIV.

2012 MAY -3 PM 1:59

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES SMITH,                        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     CIVIL ACTION NO.: CV511-090
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
            Defendant.              )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John R. Mason ("the ALJ") denying his claim for period of disability and disability insurance benefits. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for period of disability and disability insurance benefits on April 24, 2009, alleging that he became disabled on March 3, 2007. (Tr. at 115). Plaintiff later amended his disability onset date to May 5, 2010. (Tr. at 113). Plaintiff alleged he became disabled due to a ligament in his right knee; spine fracture; bulging discs; bone spurs on his spine, hips, shoulders, and elbows; a burned left hand; a broken left collar bone; surgery on his right shoulder; hearing loss; eye sight loss; left kidney trauma; a disfigured left shoulder with partial use; headaches; sleep disorders; nervousness; depression; anxiety; and arthritis. (Tr. at 175). After his claim was denied

initially and upon reconsideration, Plaintiff filed a request for a hearing. (Tr. at 12). On December 30, 2010, the ALJ conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Tr. at 24–25). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 18). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1–6).

Plaintiff, born on April 4, 1962, was forty-eight (48) years old when the ALJ issued his final decision. He has a GED. (Tr. at 181). Plaintiff has past relevant work experience as a logger and an air conditioner worker. (Tr. at 17).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R.

AO 72A
(Rev. 8/82)

§§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability, May 5, 2010, through the date of the ALJ's decision, February 1, 2011.[1] (Tr. at 14). At step two, the ALJ determined that Plaintiff had the following conditions considered "severe" under the Regulations: degenerative disc disease and herniated discs in the lumbar spine; lumbar spondylosis; and substance abuse in remission. (Id.). However, at step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Tr. at 15). The ALJ found that Plaintiff had the residual functional capacity to perform the full range of sedentary work. (Tr. at 16). At the fourth step, the ALJ determined that Plaintiff's impairments precluded him from performing his past relevant work as a logger and an air conditioner worker. (Tr. at 17). However, at the fifth and final step, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are

---

[1] Plaintiff's date last insured was September 30, 2011. (Tr. at 155).

AO 72A
(Rev. 8/82)

jobs that exist in significant numbers in the national economy that he can perform. (Tr. at 18).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ made the following errors: (1) the ALJ erred in using the Medical-Vocational Guidelines; (2) the ALJ erred in finding that Plaintiff did not have a severe mental impairment; (3) the ALJ erred in failing to consider certain unopposed limitations of Plaintiff; and (4) the ALJ erred in failing to consider the opinion of Dr. Peter Wrobel, one of Plaintiff's treating physicians.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395

AO 72A
(Rev. 8/82)

F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. <u>Cornelius</u>, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.   Plaintiff's assertion that the ALJ erred in using the Medical-Vocational Guidelines**

Plaintiff avers that the ALJ's use of the Medical-Vocational Guidelines was erroneous because Plaintiff's condition does not fit exactly within the parameters of an individual who could perform a full range of sedentary work. Citing <u>Marbury v. Sullivan</u>, 957 F.2d 837 (11th Cir. 1992), Plaintiff asserts that, instead of relying on the Medical-Vocational Guidelines, vocational testimony was necessary.

An ALJ may rely on the Medical-Vocational Guidelines, and testimony from a vocational expert is not required, if a claimant can perform the full range of work at a particular exertional level given his exertional limitations and his non-exertional limitations do not prevent the performance of a wide range of work at the particular exertional level. <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1242–43 (11th Cir. 2004). Because the ALJ determined that Plaintiff had the residual functional capacity to perform the full range of sedentary work with no limitations, (Tr. at 16), his reliance on the Medical-Vocational Guidelines was appropriate.

Plaintiff argues that the ALJ should not have found that Plaintiff had the residual functional capacity to perform the full range of sedentary work with no limitations.

AO 72A
(Rev. 8/82)

However, the ALJ's determination is supported by substantial evidence, as discussed below.

## II. Plaintiff's assertion that the ALJ erred in finding that Plaintiff did not have a severe mental impairment

Plaintiff avers that the ALJ's finding that Plaintiff did not have a severe mental impairment was erroneous. In support of this assertion, Plaintiff states that the ALJ did not address a September 2010 statement by medical personnel at McKinney Community Health Center that Plaintiff was suffering from depression and anxiety. Additionally, Plaintiff points out that medical personnel at Satilla Mental Health prescribed medication for him and that he had three different global assessment functioning scale scores of 50 and one of 43 during his time at Satilla Mental Health.

A severe impairment is an impairment that significantly limits a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1520(c); see also 20 C.F.R. § 404.1521(a). Examples of basic work activities include: "(1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and unusual work situations; and (6) [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).

The ALJ determined that "[t]he claimant's medically determinable mental impairment of depression does not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (Tr. at 14). In support of his decision, the ALJ noted that Plaintiff admitted to his ability

to perform activities of daily living.  (Id.).  Moreover, the ALJ observed that Dr. Eaton, a consulting psychological examiner, indicated that Plaintiff had "a good ability to follow work rules, relate to co-workers, use judgment, maintain attention and concentration, function independently, behave in an emotionally stable manner, demonstrate reliability, and understand, remember, and carry-out simple and complex job instructions."  (Tr. at 14–15) (citing Exhibit 11F).  The ALJ decided to give little weight to the opinions and assessments of medical personnel at Satilla Mental Health because Plaintiff did not seek follow-up mental health treatment and because other evidence, particularly Dr. Eaton's observations, supported a finding contrary to the findings of the medical personnel at Satilla Mental Health.  (Tr. at 14).

"[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]"  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  Because the ALJ's decision enables the Court to conclude that he considered Plaintiff's medical condition as a whole, his omission of a discussion of the September 2010 statement by medical personnel at McKinney Community Health Center is not erroneous.  Id.  Additionally, the ALJ's decision to give little weight to the opinions and assessments of medical personnel at Satilla Mental Health was not in error.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted).  Finally, the ALJ's decision that Plaintiff's mental impairment was not severe was supported by substantial evidence, as discussed in the preceding paragraph.

AO 72A
(Rev. 8/82)

**III.    Plaintiff's assertion that the ALJ erred in failing to consider certain unopposed limitations of Plaintiff**

Plaintiff avers that the ALJ erred in failing to consider Plaintiff's unopposed limitations with regard to his shoulder, hearing loss, and knee problems.  In support of this argument, Plaintiff asserts that the ALJ did not address the lumbar MRI that was performed at Satilla Regional Medical Center on December 16, 2010.  That MRI showed that Plaintiff suffered from "multilevel degenerative changes of the lumbar spine with a moderate sized protrusion/extrusion at L4-L5."  (Tr. at 497).  Contrary to Plaintiff's assertion, the ALJ stated, as part of his factual findings, that "[m]edical records confirm that the claimant suffers from back pain, which is a result of degenerative disc disease, disc herniations, and spondylosis."  (Tr. at 16).  The ALJ incorporated, with approval, the results of the December 16, 2010, MRI.

Plaintiff also alleges that the ALJ failed to consider the cervical spine and left shoulder X-rays from March 2006.  Additionally Plaintiff asserts that the ALJ failed to consider the right knee MRI dated January 18, 2007, and Dr. Stanley Wallace's statement, dated July 30, 2009, that Plaintiff had difficulty hearing the soft spoken word at six feet.  An administrative law judge does not have to consider medical reports that antedate a claimant's alleged disability onset date.   Arrington v. Social Security Administration, 358 F. App'x 89, 94 (11th Cir. 2009).  Consequently, it was not error for the ALJ to omit consideration of the previously mentioned medical records.

Finally Plaintiff alleges that the ALJ erred in failing to consider his financial constraints, which have limited his ability to afford his medications.  However, the ALJ made his decision with the knowledge that "the claimant admitted that he . . . does not

AO 72A
(Rev. 8/82)

take any narcotic pain medication." (Tr. at 16). The reason for Plaintiff's lack of pain medication is irrelevant; importantly, the ALJ correctly assessed Plaintiff's condition without mitigating for pain medication that Plaintiff was not taking. It was not error for the ALJ to omit discussion of Plaintiff's financial constraints.

## IV. Plaintiff's assertion that the ALJ erred in failing to consider the opinion of Dr. Peter Wrobel, one of Plaintiff's treating physicians

Plaintiff avers that the ALJ erred in failing to consider Dr. Peter Wrobel's statement from June 2007 that Plaintiff was unable to work. As previously stated, an administrative law judge does not have to consider medical reports that antedate a claimant's alleged disability onset date. Arrington, 358 F. App'x at 94. Additionally, legal conclusions, such as whether a claimant is permanently disabled, are reserved to the Commissioner. Mansfield v. Astrue, 395 F. App'x 528, 530 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1527(e) and 416.927(e)); Lanier v. Commissioner of Social Security, 252 F. App'x 311, 314 (11th Cir. 2007) ("The ALJ correctly noted that the opinion that Lanier was unable to work was reserved to the Commissioner. See 20 C.F.R. § 404.1527(e) (explaining that a physician's opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion and that this opinion is reserved exclusively to the Commissioner)."). Consequently, it was not error for the ALJ to omit consideration of Dr. Wrobel's June 2007 opinion that Plaintiff was unable to work.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this _____ day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)